(119 App. Div. 89)

CUNNINGHAM v. DADY et al.

(Supreme Court, Appellate Division, Second Department. April 19, 1907.

1. MUNICIPAL CORPORATIONS—INJURIES TO PEDESTRIAN—NEGLIGENCE—RES IPSA LOQUITUR—BURDEN OF PROOF.

Where, in an action for personal injury to a pedestrian who stepped into an improperly filled trench, though the doctrine of "res ipsa loquitur" was applicable, the burden was not upon defendant to prove by a preponderance of evidence that he was not negligent, since, if plaintiff's case was supported only by the presumption of negligence and it did not preponderate over defendant's evidence, plaintiff could not recover.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, § 1725.]

2. SAME—APPLICATION OF DOCTRINE.

Where a pedestrian stepped into an improperly filled water-main trench in a street, and was injured by it caving in, there being no leak in the main or other cause beyond defendant's control for the cave-in, the doctrine of "res ipsa loquitur" applied.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, § 1725.]

Appeal from Trial Term, Kings County.

Action by Michael Cunningham against Michael J. Dady and another. From a judgment for plaintiff, and an order denying a new trial, defendant Dady appeals. Affirmed.

Argued before HIRSCHBERG, P. J., WOODWARD, JENKS, HOOKER, and GAYNOR, JJ.

Jerry A. Wernberg, for appellant.
Lavinia Lally, for respondent.

PER CURIAM. The defendant laid water mains in a trench in a street for the city and filled up the trench. While the plaintiff was afterwards walking over or by such filled-in trench, the earth sunk under his feet and let his leg down into a hole up to his thigh. The complaint alleges that the defendant did not fill the trench properly and restore the street to a safe condition. In his charge the learned trial judge applied to the case the maxim that the thing speaks for itself. He then charged that under that rule "it is the defendant's duty to prove by a preponderance of evidence that he was not guilty of the negligence of which he is accused."

The charge throughout is fraught with this unaccountable error. The presumption arising out of the said maxim was evidence which of itself carried the case to the jury, and it was for the defendant to meet that evidence; but the burden of proof was never on him, but from the beginning on the plaintiff. In a case in which the plaintiff has no evidence, except such presumption, if at the close it does not preponderate over the evidence for the defendant, the plaintiff cannot recover. But there is no exception to this error. The exception is only to the application of the maxim to the case at all. There being no leak in the pipe, or any other cause for the cave-in, the maxim did apply; for, if the trench had been properly filled, it would not have caved in without some cause. There is some contention all through the case that the cave-in was not where the trench had been, but that fact was resolved against the defendant on sufficient evidence. The dispute came down to a foot or less.

The judgment and order should be affirmed.

Judgment and order unanimously affirmed, with costs.